## Childers v. Kennedy.

(Decided October 5, 1920.)

### Appeal from Pike Circuit Court.

1. Curtesy—Husband and Wife.—Under the law, previous to the act of March 15, 1894, a surviving husband, where issue of the marriage was born alive, upon the death of the wife, became the owner of a vested estate of freehold for his life, called a curtesy, in the lands owned and possessed by the wife during coverture and to which the husband had not released his right.

2. Curtesy—Effect of Statute.—An estate of tenant by the curtesy which vested previous to March 15, 1894, was not affected by the enactment of that statute.

3. Curtesy—Bar, Release, or Forfeiture.—A mere failure by the owner of a vested freehold estate, in land to exercise his rights therein, does not deprive him of such estate, unless the land was occupied by an adverse claimant for the statutory period of limitation, necessary to bar a recovery of real estate.

JOHNSON & HATCHER for appellant.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellee, Samuel C. Kennedy, and Malvina Coleman were married in Pike county on the 24th day of August, 1882, and lived as husband and wife until in the year 1888, when the wife died intestate. The fruits of the marriage were two children, born alive, and one of whom, a son is now living. In 1883 the wife became the owner, in fee simple, of a tract of land in the county of Pike, by a conveyance to her by her father. She took actual possession of the land, and she and her husband resided thereon until her death, and he continued to reside thereon for a year or two subsequent to her death. Thus under the law as it existed at that time, the appellee immediately upon the death of his wife became invested with a freehold estate in the land, which in the nomenclature of the law is denominated a curtesy, and he a tenant by the curtesy consummate. Malone v. Conn, 95 Ky. 96; Orr v. Holliday, 9 B. M. 59; Adams v. Logan, 6 Mon. 179. By the laws then prevailing a surviving husband, where a child had been born alive to the wife by the husband during coverture, upon the death of the wife, became vested of an estate for his life in all the lands owned by the wife, and of which she had

the right of entry during the coverture and died the owner of, and this estate entitled him to the possession of the lands and such uses as the law prescribed for the owner of such an estate. This ancient estate had its advent into the laws of the British Isles along with William, the Norman, about the year, 1066, and was brought by our ancestors to Virginia, and from there transplanted into this jurisdiction, and with modified conditions, it had its place in our system of property until 1894, when the general assembly repealed the statute which preserved it, and as compensation for its loss provided an estate for a surviving husband in the lands of a deceased wife, similar to the right of dower provided for a surviving wife in the lands of a deceased husband. The appellee's estate to which he was entitled as a tenant by the curtesy, however, having become vested in him before the enactment of the statute of March 15, 1894, was therefore not affected by the statute. Rose v. Rose, 104 Ky. 48.

The son of appellee who was the owner of the remaining interest in the land, in February, 1918, sold and conveyed the remainder to Bowman & Co., who shortly thereafter went into bankruptcy and by some kind of an arrangement between appellee's son, the trustee of Bowman & Co., and appellant, the land was conveyed to the latter, who having taken possession of same, the appellee instituted this action to recover the possession and to have his rights in the property adjudged and damages for withholding it. The court adjudged that appellee had an estate as of a tenant by the curtesy in the land and was entitled to the possession of it during his lifetime, and awarded him a sum in damages, however, to be set off against the taxes which appellant had paid upon the lands and from this judgment the appellant has appealed.

The judgment is complained of upon two grounds:

(1) The vendors of appellant have been in the adverse possession of the lands for fifteen years before the action was instituted, and for that reason the appellee's cause of action was barred.

(2) The appellee had abandoned his right to curtesy in the land and for that reason had lost his estate therein.

(a) To bar the appellee's right of entry and extinguish his cause of action by an adverse holding of the lands by another, it would be necessary for the appellant and those under whom he claims title, to have been in the actual, continuous, peaceable and adverse possession of

the lands for at least as much as fifteen years before the institution of the action.

An adverse possession is where the one in actual possession asserts ownership in himself and claims title to the land in himself and in hostility to the claims of all other persons. If his possession is in subserviency to or recognition of the title of the true owner, it is insufficient, ever, to ripen the possession into a title. The evidence proves that appellee removed from the land about thirty years before this action was instituted, but until from ten to fifteen years before the latter date, he occupied the lands by tenants, who promised and occasionally paid to him certain rents on account of their use, but as the memory of appellee's son, who was the remainderman, serves him, about fifteen years before the date of his testimony, the appellee expressed dissatisfaction with the necessity of the payment of taxes upon the place, and a desire to sell his interest in it. In order to prevent a sale of it by appellee, the son said that he would thereafter pay the taxes, which he did, and, also thereafter kept a tenant upon the land, but appellee deposes that the time when the son began to pay the taxes was not over ten or eleven years before the testimony was given. The son, furthermore, testified that he never at any time held the land adversely to his father's right of entry and possession, and did not at any time deny the father's interest in it, or right to it, or claim any title in himself, except subject to his father's rights, and in the deed by the son to Bowman & Co., the right of his father to curtesy in the land was expressly reserved. Thus it seems that the son's holding of the land, even if it extended to the statutory period, which the evidence does not prove, the holding instead of being adverse to the rights of the father was entirely amicable and was held in subservience to and recognition of the title of the father.

(b) Touching the defense offered, to the effect, that appellee had abandoned his right to curtesy in the land, the rights of the lawful owner of a vested estate in lands is not affected by his mere neglect to assert his rights, unless the land is actually occupied by an adverse claimant for the statutory period, necessary to create title by adverse possession, which the facts in the case, fail to prove. The mere failure of appellee to exercise his right to the use and occupation of the land, for a less time, than the statutory period of limitation necessary to bar a recovery of land, could not avail, to deprive him of his estate in it, when he should desire to resume the exercise

of his rights, unless some act or declaration of his was of such a ·character as to constitute an estoppel to his right to claim his estate as against the appellant. No such act or declaration is shown by the evidence, but, it does appear that Bowman & Co., as well as appellant, had full knowledge of appellee's estate in the land, when they became purchasers of the interest of the remainderman.

The judgment is therefore affirmed.