## Webster County Board of Education v. Gentry.

(Decided February 11, 1930.)

RAYBURN & WITHERS for appellant.

BLACKWELL & LISMAN for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

On the 26th of July, 1910, S. C. Henson, in consideration of $50, conveyed an acre of land in Webster county

to the Webster County Board of Education for school purposes, the habendum reading:

"To have and to hold said property, together with all the appurtenances thereupon belonging unto said second party so long as it is used by the sub-school district in which it lies for school purposes it is to revert to first party or his heirs immediately upon the failure of said district to so use it and to become and remain his or their property forever thereafter."

S. C. Henson died testate, devising all of his estate to his wife, who on the 6th of January, 1925, conveyed the land to W. C. Hardwick, who in turn on the 13th of January, 1925, conveyed same to Webb Gentry, the appellee.

In February, 1926, the Board of Education sued Gentry to recover the lot in question, and to quiet its title thereto. A demurrer was sustained to this petition and to three successive amendments thereto. Failing to plead further, the petition as amended was dismissed. Plaintiff claims ownership and legal possession of the lot, but admits that Gentry is living in the house, and that it had ceased to use it for school purpose at the time of the conveyance. It also denies abandonment, but fails to allege any intention to use the property further for school purposes.

It is not necessary to decide whether or not the reversionary provision ingrafted on the fee-simple title conveyed by Henson to the school board was of the character that could pass under his will to his widow or the benefit of the breach of that condition inured to his heirs. See 23 R. C. L. 1104; 21 C. J. 1017. For it is an accepted principle and a rule of long standing that plaintiffs must rely and recover on the strength of their own title and not on any defect or weakness in the title of the defendants. Combs v. Turner, 193 Ky. 636, 237 S. W. 37.

The appellant claims title to the lot on the ground that the provision in the deed is contrary to section 4437, Kentucky Statutes, which is as follows:

"In the acquisition of land as a site for a school-house, the title thereof shall be made in fee simple to the county board of education and the titles to the land now used as sites for school houses shall at the

earliest possible time be perfected by the county board of education. Any reversionary interest in any land now used as a site for a schoolhouse shall not deprive the county boards of the schoolhouse or other improvements thereon.''

This statute in substantially the same language has been in effect since 1893, and, in accepting the deed with the provision as to reversion contained therein, the school board did not conform to the law. That provision is binding on the board (Dawson v. Trustees, etc., 115 Ky. 151, 72 S. W. 806, 24 Ky. Law Rep. 2027; Ritter v. County Board of Education, 150 Ky. 847, 151 S. W. 5, petition for rehearing, 151 Ky. 578, 152 S. W. 564), but it cannot be held to affect the grantor or his privies. The statute does not have the effect of investing the grantee with a better or more complete title than the deed conveyed. When the conditions were broken by an abandonment of the property for school purposes, as designated in the deed, appellant's title was forfeited, and it is immaterial to it whether it revested title in grantor's heirs or in his devisee and her vendees.

There was an alternate prayer for relief in the petition; it being asked that, in the event title to the land should be adjudged to have been lost, the board should be given the right to remove the building and improvements. This claim is founded on that part of the statute above quoted relating to the right of removal of the improvements. This part of the statute, it will be observed, has no reference to improvements which might be erected on land acquired after its enactment, for it was not contemplated that the school board would take title in violation of the first provision of the act. It was intended to have a retroactive effect, but the attempt to convert into personalty the improvements which had been erected in the past has been held to be an impairment of a contract and ineffectual. County Board of Education v. Littrell, 173 Ky. 78, 190 S. W. 465. As is also shown in the opinion, in the absence of an agreement to the contrary, a reversion retained in a deed carries with it the right to the improvements erected on the land.

The appellant not having shown any right to the property, the judgment of the lower court is correct, and is accordingly affirmed.

Whole court sitting.