## Webster County Board of Education et al. v. Wynn et ux.

October 18, 1946.

Withers & Lisman for appellants.

Gordon, Gordon & Moore for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

On November 7, 1911, the Webster County Board of Education accepted a deed to a school lot containing the following reversionary clause:

"To have and to hold the same, with all the appurtenances thereon, to the second parties and their successors in office, under Covenant of General Warranty as long as the same shall be used for school purposes, and when it shall cease to be used for said purposes, it shall

then revert to the said R. H. and Viola White, if they then be living; otherwise to their legal heirs.''

The appellees, Justice F. Wynn and wife, became the owners of the tract of land from which the school lot had been cut off, the boundaries of their deed including it. In September, 1945, the County School Superintendent closed the school which had been conducted there since the acquisition of the lot and thereafter the children were transported to another school. No record was entered by the Board of Education authorizing or confirming this action. But the change was recognized. On May 4, 1946, by proper order the Board authorized the sale of the building and it was sold for $550 to the appellant, Ed Bumpass. During all this time the owners of the reversionary interest were making claim to the lot and the building. After the filing of this suit seeking an adjudication of the rights of the parties, Bumpass tore down the building and removed the material.

The court adjudged that the plaintiffs, Wynn and wife, have title to the land and the building.

The Board of Education concedes that the judgment with respect to the land is proper if the facts constituted an abandonment of the property for school purposes, which it denies. It contends that in either event the building did not revert with the land but remained the property of the Board.

We concur with the decision that the acquiescence and affirmative action of the Board in ordering the sale of the building constituted an abandonment or cessation of the use of the property for school purposes. There may be an implication or the possibility that the sale and removal of the building was in order to erect another on the same land, as the appellants contend. But in the absence of some affirmative showing of a purpose or plan to do that within a reasonable time, the stronger and superior presumption must be that there was no such purpose or plan.

Several years ago the appellant had a similar experience with a conveyance containing a reversionary clause in substance and effect the same as the present one. It was held that the Board had lost title to both the land and the building. Webster County Board of

Education v. Gentry, 233 Ky. 35, 24 S. W. 2d 910. As pointed out in that opinion, although the title had been taken with a reversionary clause in violation of Section 4437, Kentucky Statutes, now KRS 162.010, the fact of the violation by the Board could not affect the rights of the grantor as described in his conveyance. The provision in the statute with respect to the building then was:

"Any reversionary interest in any land now used as a site for a schoolhouse shall not deprive the county boards of the schoolhouse or other improvements thereon."

The Revised Statute sets a specific date, which is that of the codification of the school laws in 1934. The statute as it existed when this deed was taken, as in Section 4437, Kentucky Statutes, of course, controls. It was held in Board of Education for Jefferson County v. Littrell, 173 Ky. 78, 190 S. W. 465, to be unconstitutional as impairing the obligations of a contract where it related to deeds executed prior to its initial enactment in 1893. And as said in the Gentry case, it could not be reasonably assumed that any Board of Education would take title to land with a reversionary provision in direct violation of the clear, specific statute. To give a School Board the right to remove the building where a reversionary provision is accepted would be to give judicial sanction to its violation of the law and at the same time perhaps impair the contractual right of the grantor. It was not he who disregarded the statute. It may have been that he would never have conveyed the school lot without such reversion.

The judgment is affirmed.