## Lykins v. Wolfe County Board Of Education et al.

March 19, 1948.

Edward E. Bach and Leebern Allen for appellant.

J. Douglas Graham for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—
Affirming.

On this appeal we are asked to determine who gets an abandoned school lot under a reversionary clause contained in the deed by which it was conveyed. The chancellor in a concise and well written opinion held that the lot reverted to the grantor who executed the deed to the school and not to the subsequent grantee of the tract out of which the school lot was carved.

On May 25, 1899, S. C. Alexander and wife, Mary J., conveyed one-half an acre of land in Wolfe County to the trustees of the Daysboro School District upon which to erect a school house and the necessary outbuildings. The land was specifically described and the deed contained this reversionary clause:

"The said party of the second part (the School District) is to have full control of said land to erect a school house on and other out buildings and fencing and to hold said land in fee simple so long as they please as a District School and when abandoned to have the right to remove said house and other buildings from off of said premises, but not to remove any fencing that they may have on said premises and then the said land reverts back to S. C. Alexander and Mary J. Alexander, his wife."

26

In 1919 S. C. Alexander and his then wife, America, conveyed to Sam R. Lykins a large tract of land the description of which embraced the one-half acre lot conveyed to the school, but the deed to Sam expressly excluded this half acre lot theretofore conveyed to the School District. In 1926 Sam R. Lykins and wife conveyed the same large tract to George Keeton, who, joined by his wife, in 1945 conveyed this same large tract to appellant. In both of these deeds this school lot of one-half acre was expressly excluded from the land conveyed.

After using this lot for more than 40 years for school purposes it was abandoned by the Board of Education of Wolfe County in 1946. The Board recognized the reversionary clause in the deed of 1899 and realized that upon its abandonment of the property for school purposes the same would revert to the Alexanders. Therefore, on August 1, 1945, the Board obtained a deed from S. C. Alexander and wife wherein they conveyed to the Board, in consideration of $100, all their interest in this school lot "with covenant of Quit Claim warranty." After obtaining this deed from the Alexanders the Board on April 16, 1946, conveyed this lot and the improvements thereon to Rollie Gibbs in consideration of $1,010.

K. L. Lykins filed this action on April 8, 1946, against the Board and Gibbs averring that upon the Board's abandonment of the lot for school purposes it reverted to him as the present owner of the large tract from which it was carved in 1899, and not to S. C. Alexander, and that Gibbs took no title through the deed Alexander made to the Board and the deed the Board executed to Gibbs. It is appellant's contention that the reversionary clause above quoted from the deed Alexander executed to the Board in 1899 is a covenant running with the land out of which this school lot was taken and it is not personal to the Alexanders.

It is conceded by all parties that when the Board abandoned the lot for school purposes it lost title thereto. We have held this to be the law despite the fact KRS 162.010 (which was first enacted in 1893) provides the Board shall take title in fee to all property conveyed it, since this statute does not affect a grantor

who inserts a reversionary clause in his deed. The statute can not give the grantee a better title than his deed conveys. Webster County Board of Education v. Gentry, 233 Ky. 35, 24 S. W. 2d 910; Webster County Board of Education v. Wynn, 303 Ky. 110, 196 S. W. 2d 983.

It is insisted by appellant the rule is, where a small parcel of land is carved out of a larger tract and conveyed for a special purpose, with a reversionary clause providing for the land to go back to the grantor when that special purpose ceases, that upon the abandonment of the special use, the small parcel reverts to the then owner of the land out of which it was carved and not to the grantor, his heirs or assigns, citing Green's Adm'r v. Irvine, 66 S. W. 278, 23 Ky. Law Rep. 1762; Mitchell v. Bourbon County, 76 S. W. 16, 25 Ky. Law Rep. 512. This is not the correct rule and these two opinions do not so hold.

The true rule as stated in the Green and Mitchell opinions is, where the description in the deed to the grantee includes the tract covered by the reversionary clause, then the grantee and not the grantor in whose favor the reversion was created, obtains title to the tract covered by the reversionary clause when it becomes effective.

As stated above, this school lot was excepted from the land conveyed by the deed Alexander executed to appellant's predecessor in title and it was also excepted from the land conveyed in the deed by which appellant obtained his title. An exception in a deed withholds from the grantee some existing part of the land embraced in the description which otherwise would pass by the instrument. Cox v. Colossal Cavern Co., 210 Ky. 612, 276 S. W. 540; Slone v. Kentucky West Virginia Gas Co., 289 Ky. 623, 159 S. W. 2d 993. Therefore, appellant obtained no title to this school lot.

For the reasons given the judgment is affirmed.