**BARREN COUNTY BOARD OF EDUCATION et al. v. JORDAN et al.**

Court of Appeals of Kentucky.

June 20, 1952.

Richard L. Garnett, Glasgow, for appellants.

Brents Dickinson, Jr., Glasgow, for appellees.

COMBS, Justice.

The Board of Education filed this suit to quiet its title to a tract of land which it claims under a deed executed to its predecessor in 1891. The trial court sustained a demurrer to the petition.

The granting clause of the deed is in the usual form of a fee simple conveyance. The habendum clause is as follows:

"To have and to hold the land hereby conveyed together with the appurtenances thereon unto the said trustees and to their successors in office so long as a good and sufficient schoolhouse is kept thereon and used for common school purposes. Provided: that when a schoolhouse is not kept on said lot and is abandoned and is not used for common school purposes (for whites)

said lot is to go back to the respective farms ·of which it is now a part as aforesaid."

The land has not been used for school purposes since 1949 and it is conceded that it will not be used for such purposes in the future. It is stated in the petition that defendants, appellees here, have taken possession of the property under some claim ·of right as successors in title to the owner ·of one of the three farms out of which the tract was carved at the time of the original conveyance to the Board.

The Board contends the reversionary ·clause in the deed is void as a violation of the rule against perpetuities, and that it holds the property in fee simple. KRS 381.220; Duncan v. Webster County Board ·of Education, 205 Ky. 86, 265 S.W. 489; McGaughey v. Spencer County Board of Education, 285 Ky. 769, 149 S.W.2d 519, 133 A.L.R. 1474.

The appellees contend that even though the reversionary clause is void—which they ·do not concede—the deed did not in any ·event transfer to the Board more than a determinable or qualified fee, subject to defeasance in the event the land ceased to be used for school purposes. ·

■ We think the appellees' position is well taken. It will be noted that the habendum clause contains two provisions: first, that the grantees shall "have and hold the land * * * so long as a good and sufficient schoolhouse is kept thereon and used for common school purposes"; and ·second, that when the land is not used for ·school purposes it is "to go back to the respective farms of which it is now a part." Conceding, for the purpose of this opinion, that the reversionary provision violates the rule against perpetuities and cannot be enforced, we think it is clear that the first provision limits the estate of the Board to a determinable fee which terminated when the Board ceased to use the land for ·school purposes.

According to Simes on Future Interests, section 12, page 42, "A fee simple may also be created with a special limitation. Such an estate is called a determinable fee. Thus A may convey land 'to B and his heirs so long as the fences are kept in repair.' * * If the fences are not kept in repair, the determinable fee granted will automatically cease, and the property will revert to the grantor or to his successor in interest." Another illustration by Simes (page 42) is this: "If land is conveyed 'to T hospital in fee simple, so long as it is used for hospital purposes, and on failure to use it for hospital purposes, to X and his heirs', the attempted executory interest in X is void under the rule against perpetuities. Hence, there is an ungranted interest in the grantor, which is a possibility of reverter." Kentucky cases in point are: Williams v. McKenzie, 203 Ky. 376, 262 S.W. 598; Webster County Board of Education v. Gentry, 233 Ky. 35, 24 S.W.2d 910; Fayette County Board of Education v. Bryan, 263 Ky. 61, 91 S.W.2d 990; Webster County Board of Education v. Winn, 303 Ky. 110, 196 S.W.2d 983.

■ Having decided that the Board's title terminated when the school was discontinued, it is unnecessary to decide whether the appellees have title, and we express no opinion on that issue in the present state of the record. The Board being the plaintiff in the case must rely on the strength of its own title, and cannot recover on the weakness of the defendants' title. Webster County Board of Education v. Gentry, 233 Ky. 35, 24 S.W.2d 910.

■ It is suggested by the Board that regardless of whether it owns the land it retains title to the schoolhouse and is entitled to remove it. The Board cites KRS 162.010 which provides in part: "Any reversionary interest in any land used for school purposes shall not deprive boards of education of buildings or other improvements thereon." This statute was enacted in 1893 but, as heretofore noted, the deed in this case was executed in 1891. The statute, therefore, has no application. Board of Education for Jefferson County v. Littrell, 173 Ky. 78, 190 S.W. 465. The cases cited by the Board on this point are distinguishable on the ground that in those cases the deeds were executed subsequent to enactment of the statute.

The judgment is affirmed.