**FLEMING COUNTY BOARD OF EDUCA-
TION et al., Appellants,**

v.

**Martha V. Anna HALL, Widow, et al.,**

**Appellees.**

Court of Appeals of Kentucky.

June 26, 1964.

Richard L. Hinton, Flemingsburg, for appellants.

Marvin W. Suit, Flemingsburg, for appellees.

ARTHUR T. ILER, Special Commissioner.

This is an appeal from a judgment of the Fleming Circuit Court construing the language of a deed as creating a "determinable fee". The judgment also held that a lien created by KRS 162.200 was only as good as the title to the property offered as security and subject to the terms of that title.

There is no controversy as to the facts which are in essence the following:

In 1925, P. G. Hall, now deceased, and his wife sold appellant, Fleming County Board of Education, land located in Flemingsburg adjacent to the public colored school and being an area which separated the white from the colored sections of town. The deed of conveyance is typical in form to deeds in general use except for the following language:

> "It is also expressly agreed as a part of the consideration for the said property that it is not to be sold to anyone, white or colored for residence purposes and that the said land shall remain a part of The Colored School Property so long as the colored school is maintained where it is now located. In case this part of the consideration is violated, then and upon that contingent the property herein conveyed, together with all improvements thereon (if any) shall immediately revert to the grantors, and the right, title and interest of the grantee shall forthwith determine."

The grantee used the land as a part of the colored school grounds until 1959 when the school system was integrated and the colored children were placed in other facilities with the white children. Since then the colored school was closed, shut down and abandoned and neither building nor grounds have been used by anyone since.

On January 10, 1962, appellant Fleming County Fiscal Court voted to sell certain school property including the land in question, and to use the money derived therefrom to retire bonds and pay interest on bonds secured by the property and requested the school Board to approve the sale of such abandoned property. Thereafter, and pursuant to a resolution of the said Board of Education, the property was advertised to be sold. On the day prior to the date of sale, after first making an unsuccessful attempt to assert their superior claim to the land at a meeting with appellants, appellees filed an action in Fleming Circuit Court asking for a determination of the rights of the parties in and to said real estate.

On June 9, 1962, the trial court adjudged that the deed creates "a determinable fee, which fee, has now, by conduct of the grantees, determined, and title reverted to grantors and their heirs, who are entitled to re-entry". This judgment was based on the finding that the school no longer is maintained, the property has been offered for sale, showing the clear intention of the grantee to cease using the property for the specified purpose.

■ The main issue here is by no means one of first impression, as it has long been recognized that a fee simple may also be created with a special limitation. Such an estate is called a determinable fee. When this is done there is an ungranted interest in the grantor, which is a possibility of reverter. We have frequently held that similarly phrased instruments of conveyance create a determinable fee, which terminates in event the land ceases to be used for school purposes. See Board of Education for Jefferson County v. Littrell, 173 Ky. 78, 190 S.W. 465; Williams v. McKenzie, 203 Ky. 376, 262 S.W. 598; Webster County Board of Education v. Gentry, 233 Ky. 35, 24 S.W.2d 910; Fayette County Board of Education v. Bryan, 263 Ky. 61, 91 S.W.2d 990; Webster County Board of Education v. Wynn, 303 Ky. 110, 196

S.W.2d 983; and Barren County Board of Education v. Jordan, Ky., 249 S.W.2d 814.

■ Having decided that the Board's title terminated and ownership reverted to the grantors by reason thereof, we believe it unnecessary to elaborate on the other points raised on appeal, all of them being subordinate to the question of title and ownership.

We are, therefore, of the opinion that the trial court was correct in holding as it did and that the land reverted by law to the grantors and their heirs.

It is recommended that the judgment be affirmed.

The opinion is approved by the Court and the judgment is affirmed.