J. H. McGIBONEY, Appellant,

v.

BOARD OF EDUCATION OF MIDDLES-BORO, Kentucky, Appellee.

Court of Appeals of Kentucky.

March 5, 1965.

---

Watson & Watson, Middlesboro, for appellant.

Glenn W. Denham and A. Henry Ralston, Middlesboro, for appellee.

CULLEN, Commissioner.

J. H. McGiboney brought action against the Board of Education of the City of Middlesboro seeking to quiet his title to a tract of land in the city. He was successor in title to all of the property of the Middlesboro Town and Lands Company, which in 1907 had deeded the tract in question to the school board, and his claim of title was based on the proposition that under the terms of the deed the title to the tract automatically reverted to the company in 1909. The circuit court entered judgment rejecting his claim and he has appealed.

The deed, which recited a consideration of $600, contained this provision (following the habendum clause):

> "The said party of the second part covenants for itself, its successors and assigns, that the land above conveyed shall be used for no other than colored school purposes, that a good and substantial school building, to cost not less than Eight Thousand Dollars ($8,000.-00) shall be erected on said land within two years from the date of this instrument, and that in the event of its failure to erect such a building within two years, the land hereby conveyed shall at once revert to the party of the first part and the sum of $600.00 shall be repaid to the party of the second part."

No school building ever was erected on the tract. A colored school building was erected in 1908 on adjoining land, and the tract in question was used thereafter, until this lawsuit was brought in 1963, as the school playground. (However, the circuit court found that the school board had not acquired title by adverse possession and there is no cross-appeal from that ruling.) Admittedly, the $600 consideration was never tendered back or repaid to the school board, and no claim to the property was

asserted by the original grantor or any successor to its property until the instant suit was filed.

■ The appellant maintains that the deed created a determinable fee and that upon the lapse of two years without erection of a building the title automatically reverted to the grantor without necessity of re-entry. We find this proposition unacceptable.

Were it not for the provision in the deed for return of the consideration, the deed clearly would have created a determinable fee. See Fleming County Board of Education v. Hall, Ky., 380 S.W.2d 273. But in our opinion the provision for return of the consideration negatives the existence of a determinable fee.

■ The theory of a determinable fee is that there is an ungranted interest retained by the grantor, called a possibility of reverter, which automatically blossoms into full title upon the occurrence of the limiting event. See Barren County Board of Education v. Jordon, Ky., 249 S.W.2d 814. The deed before us, however, does not in reality provide for an automatic reversion; in true effect it provides only that the grantor may *buy* back the property by returning the consideration.

Clearly there is no way in which the $600 consideration could automatically revert to the grantee, in the sense of vesting the grantee with title and right to possession of specific units of money. The grantee could obtain title to and possession of the consideration only by some affirmative act. Accordingly, it is not to be believed that the parties could have intended that the land would automatically revert, without any affirmative act by either party.

In our opinion the deed in question contemplated only a right of repurchase, in that the grantor, by tendering back the purchase price, could recover the land. This construction of the deed is consistent with the grantor's having had the perfectly normal and reasonable desire to retain an option to repurchase the land in the event it were not used for a school building.

■ The law does not favor forfeitures and a deed will not be construed to create a conditional estate unless the language clearly evinces such an intent. Holbrook v. Board of Education, Ky., 300 S.W.2d 566. We think it would be unreasonable to find in the deed before us an intent that the land should automatically be forfeited but the grantee should be left merely with a chose in action for recovery of the purchase price.

It is our opinion that the deed did not leave in the grantor any ungranted property interest in the land, which is necessary to the existence of a determinable fee. The deed gave the grantor only a contract right. Enforcement of that right admittedly has been barred by limitations.

Under the view we have taken it is immaterial that the trial court relied in part on parol evidence heard for the purpose of determining the intentions of the parties and the circumstances attending the execution of the deed. The parol evidence has no significance in the decision of the case.

■ The appellant maintains that the trial court erred in overruling a motion to compel the school board to pay expenses incurred by the appellant in employing a person to examine the minutes of the board. The appellant had served a request for admissions on the board asking the board to make admissions, in substance, that the minutes from 1907 to the present time did not mention the land in question or any transactions or official action involving it. The board answered, denying the allegations of the request "because they are conclusions drawn by the plaintiff based upon the minutes of the Board of Education and it is the contention of the defendant, Board of Education, that its minutes speak for themselves."

In our opinion the requested admissions were not properly within the scope of CR 36.01 because they did not seek the truth of vital controversial issues of fact, but rather they sought admissions concerning the existence of *evidence*. The rule may not be employed as a substitute for discovery or for eliciting evidence. Driver v. Gindy Mfg. Corp., D.C.Pa., 24 F.R.D. 473. Accordingly, the circuit court correctly refused to apply CR 37.04, which authorizes the imposition of expenses on a party who without good reasons denies the truth of any "matters of fact," properly requested to be admitted under CR 36.01.

The judgment is affirmed.