CASE 104—PETITION EQUITY—OCTOBER 9.

## Lynn v. Hall.

### APPEAL FROM PULASKI CIRCUIT COURT.

1. WILLS—CONSTRUCTION OF DEVISE.—Under a will by which the testator gives "to my daughter-in-law Polly Jane Lynn, and her children * * * my tract of land on Clifty Creek" the husband and son then being alive, the children who were born after the death of the testator take *per capita* with those who were born previous to his death, there being nothing in the deed to indicate that they were intended to be excluded.

O. H. WADDLE AND G. W. SHADOAN FOR APPELLANT.

1. Under the provisions of section 4840 of the Kentucky Statutes, if a will is made when a testator has a child living, and a child is born afterwards, such after-born child or any descendant of his as shall not be provided for nor expressly excluded by the will, shall succeed to such portion of the estate as if the person had died intestate.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

On the 9th of July, 1866, James Lynn made his will. On the 14th of August, 1868, it was probated in the Pulaski County Court. The clause in his will disposing of his estate is as follows:

"I give to my daughter-in-law, Polly Jane Lynn, and her children, wife of my son, Joseph Lynn, my tract of land on Clifty creek, Pulaski county, Kentucky, containing one hundred acres, sold and deeded to me by John Lay, the same on which I now live, in consideration of the love and affection I have for her and in consideration of her kindness to me heretofore. I have heretofore given to and made such provisions for my other children as I am able to do for them. I require of her to see that I am buried in a decent and Christian-like manner after my death."

It will be observed that he devised to Polly Jane Lynn, wife of his son, Joseph Lynn, and her children a certain tract of land. It appears from the language used in the will that his son Joseph was then living, and as it does not appear in the record that he has since died, presumably he is the father of the three children hereafter named who were born after the death of the testator. At the death of the testator Polly Jane Lynn had five children, afterwards there was born to her three children, one of whom was the appellant, Milton G. Lynn. The court below interpreted the will so as to give the land to the mother and the five children who were living at the death of the testator. If the three children born after the death of the testator are entitled to anything, they did not acquire it by inheritance or by any provision of the statute, as the father was living at the death of the testator and he was excluded by the terms of the will like the other children from participating in his estate. Nor would they any way have taken by inheritance anything from the grandfather's estate as their father was living at the death of the testator. So whatever rights

the children have in the land is by virtue of the will of their grandfather. There is nothing in the record which indicates the testator had any reason for or desire to exclude the children which might be born to Polly Jane Lynn after his death from taking an interest in the land. They were as much objects of his bounty and solicitude as those who were *in esse* at the time of his death. There being nothing in the will showing any intention to exclude such children from participation in the estate devised, we are of the opinion that the children who were born after the death of the testator take *per capita* with those who were born previous to the death of the testator.

In Williams v. Duncan, 92 Ky., 125, it appeared that the testator willed certain property interests to his grandchildren. The question arose as to whether the grandchildren who were born after the death of the testator participated in the estate devised. The court held that they did not, except those born within the period of gestation, because the will manifested a purpose to exclude them from participation. It is inferentially determined in that case, had no intention been manifested by the provisions of the will to exclude them, the children born after the period of gestation would have taken the same as those who were living at the testator's death. In Webb v. Holmes, 3 B. M., 404, the property was deeded to a mother for life, and the remainder to her children, the court held that those of her children who were born after the deed acquired the same interests in the property as those who were born before.

The judgment is reversed for proceedings consistent with this opinion.