### Barker v. Barker, Jr., et al.

(Decided March 18, 1911.)

Appeal from Jefferson Circuit Court.
(Chancery Branch, First Division).

Wills—Bequest to Children of A.—Includes all Children of A. Living, and all Afterborn Children of A.—At common law a bequest to a class was held to embrace all in the class at the time the bequest was to take effect, but where there was a postponement of the payment of the legacy until a period subsequent to the death of the testator every person answering to the description at the time fixed for the division was held entitled to participate as one of the class. In this State, however, the common law rule has not been followed, and it is held that a bequest to the children of A. would, in the absence of a contrary intention expressed in the will, include not only the children of A. living at the death of the testator, but all such as might thereafter be born to him.

ERNEST MACPHERSON and GEORGE A. BRENT for appellant.

ROBERT F. VAUGHN, Guardian ad litem.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

In clause two of her will, Mrs. Elizabeth Ashton Stites provided as follows;

"I will and bequeath to my sister-in-law, Mrs. Caroline M. Stites, in fee simple my house and lot on Walnut street, north side, between Second and Third Streets, devised to me by my brother Henry J. Stites. In the event my sister-in-law, Mrs. Caroline M. Stites, should die before this will takes effect the said house and lot shall be divided between the children of Richard N. Barker and Maxwell S. Barker share and share alike."

Mrs. Caroline Stites died before the testatrix, and the question has been raised as to the meaning of the word "children" in this clause. Did the testatrix mean to give this property to the children of the Barker brothers, referred to in the will, who might be living at her death, or to them and such others as might be born thereafter to the Barker brothers? The Chancellor was of the opinion that the latter was the proper construction, and so held. From this judgment this appeal is prosecuted.

At common law a bequest to a class was held to embrace all in the class at the time the bequest was to take effect, but where there was a postponement of the payment of the legacy until a period subsequent to the death of the testator, every person answering the description at the time fixed for the division was held entitled to participate as one of the class. This is the rule that has been adopted in many of the States, and is thus stated in Vol. 30, p. 720, 2nd Ed. A. & E. Ency. of Law.

"If a gift to children is to become effective upon the death of the testator, it will be divided among those living at that time, to the exclusion of those born afterwards, and the representatives of those dying before the testator."

In this State, however, the common law rule has not been followed, and in the cases of Lynn v. Hall, 101 Ky., 738; Goodridge v. Schaefer, 24 Rep., 219; Caywood, et al. v. Jones, et al., 108 S. W., 888; Gray's Admr. v. Pash, et al., 24 Rep., 963, and U. S. Fidelity & Guaranty Co. v. Douglas' Trustee, 120 S. W., 328, it is held that a bequest to the children of A. would, in the absence of a contrary intent expressed in the will, include not only the children of A. living at the death of the testator, but all such as might thereafter be born to him. It may be said that this rule of construction is now the well-settled law of this State; and in the absence of some expression in the

will indicating a contrary intention on the part of the testatrix, the same principle would govern in the case at bar.

The language of no two wills is exactly alike, hence no absolute, iron-clad rule of construction can be adopted that is applicable to all cases.    It not infrequently happens that surrounding  circumstances throw light upon the mooted question and aid the court in determining the testator's meaning in the use of the language employed.  Of the circumstances that thus enter into consideration, those of relationship are of primary importance.  Where the devise is to the children of a near relative, it is presumed, and this court has so held, that the word "children" there means afterborn as well as those then in being.  This construction is based upon the idea that the testator would want to treat  them  all  alike, would want them all to share in his bounty, and that he would be equally solicitous for the welfare of all.  Goodridge v. Schaefer, 24 Rep., 219; Lynn v. Hall, 101 Ky., 738.  But if the parties were strangers in  blood  the reasoning for this rule in the case to which we have referred would be wanting, and, instead of presuming that the testator would be as solicitous about the welfare of afterborn children as of those then in being, just the reverse of this proposition would be true, in the absence of some expression in the will to the effect that afterborn children were to be included.  Bequests to those strangers in blood are usually based upon some consideration growing out of affection, appreciation of services or kindnesses rendered, or like cause.    Hence, where the devise is to the children of one a stranger in blood to the testator, the presumption would naturally be that it was intended to be limited to the children known to the testator.  They may have, by reason of connection and association, become endeared to the testator, and there would be every reason why he would want to make some provision for them.  But such reason would be wholly lacking as to afterborn children.

Of course, the question of relationship is but a circumstance—an incident that enters into  consideration—and is by no means controlling.  It is merely one of the many tests that the court may call to its aid in determining the real intention of the testator.  In the case at bar, the children referred to in the will were strangers in blood to the testatrix, but, through association, had

evidently endeared themselves to her, as is shown by the liberal provision made for them in her will. The natural presumption is that she did not intend that after-born children should be made the subjects of her bounty to share this bequest with those who were then living.

This conclusion is strengthened by the fact that she directed the property to be divided. The estate vested upon her death. If it was to be divided, only those in being could participate in the division, and, as there is nothing in the will indicating that the period for this division should be postponed until the death of the fathers of these children, we conclude that she intended the property to go to those in being capable of participating in the division.

This construction satisfies another of the elementary rules of construction, to the effect that, where a will is susceptible of a dual construction, by one of which the estate becomes vested and by the other it remains contingent, that construction which vests it will be adopted. Pearcy v. Greenwell, 80 Ky. 616; Wills v. Wills, 85 Ky., 486, 499. In the latter case this court said:

"But it must be recollected that the effort of the courts in this country, when not inconsistent with the intention of the testator, is to prevent the title to real estate from remaining contingent, and, unless there are plain indications of a contrary intent, to hold the title vested in those claiming under the will or gift," etc.

We conclude then, that inasmuch as the will directs a division of the property at the death of testatrix, and it being an improved city lot incapable of partition, the testatrix must have intended that it should be sold and the proceeds divided among those of the children of Richard H. and Maxwell S. Barker living at her death, the plaintiffs and defendants to this litigation. This construction is not in conflict with the authorities cited, holding that, in the absence of a contrary intent expressed in the will, or reasonably inferable from the language used therein, the title would not vest during the lives of the Barker brothers or either of them. The direction in the will that the property be divided among the children, share and share alike, evidenced an intention on the part of the testatrix that only those living at her death should participate.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.