## Laughlin, et al. v. Elliott, et al.

(Decided March 14, 1924.)

### Appeal from Fayette Circuit Court.

1. Perpetuities—Limitation to Unborn Grandchildren After Termination of Life Estates Held Void.—Limitation to grandchildren under a deed of land reserving a life estate to grantor and providing that upon her death said property should pass to the grantee for and during her natural life and at her death to the grandchildren of the grantor, violated Kentucky Statutes, section 2360, relating to perpetuities; no intent appearing to confine the estate to grandchildren in esse at the time of the termination of the life estates created by the deeds, and grantor having three sons living at that time.

2. Parties—Devisees Held Necessary Parties to Determine Whether Judgment Res Judicata.—In a suit by remainderman for division of property where it was claimed that a decree in a suit for sale and reinvestment was res judicata as to alleged violation of Kentucky Statutes, section 2360, relating to perpetuities, by the provisions of a deed, the court could not determine the question of res judicata in the absence of devisees of the original grantor and the grantee as parties, as they had the right to be heard though bound by such judgment.

FRANK L. McCARTHY and GEORGE R. HUNT for appellants.

A. S. MOORE, SMITH & REYNOLDS and RIEVES & SHANNON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On December 5, 1884, Anna E. Baker and her then husband, J. H. Baker, who was her second one, executed a deed to Nannie W. Neeley, a daughter of Mrs. Baker by a former husband by the name of Laughlin, conveying to the daughter a parcel of real estate in Lexington, Kentucky. The parties named in the caption of the deed are Mrs. Baker and her husband "party of the first part, and Nannie W. Neeley, wife of James E. Neeley, of the county of Simpson, state of Kentucky, party of the second part;" and in the conveying clause, after reciting the consideration of one dollar and love and affection, it is said: "The party of the first part do hereby sell and convey unto the party of the second part, and assigns, the following described real and personal property, to-wit." The habendum clause says: "To have and to hold said property unto the party of the second part, her assigns

forever," which is immediately followed by a limiting condition saying: "This conveyance is made subject to the life estate of first party, Anna E. Baker. Upon her death said property shall pass to Nannie W. Neeley, second party, for, and during her natural life, to be *owned* and held by her for her sole and separate estate, free from the debts or control of her husband, and at the death of said Nannie W. Neeley, said property shall pass and belong to the grandchildren of Anne E. Baker, in equal portions."

On February 13, 1906, an equity action was filed in the Fayette circuit court by Mrs. Baker, Mrs. Neeley and the husband of the latter against all of the then living grandchildren, and descendants of those who were dead, of Mrs. Baker to procure a sale of the land conveyed by the 1884 deed for purposes of reinvestment. It was practiced in strict conformity to the law and resulted in a judgment directing the land to be sold and the proceeds reinvested in other real property producing a greater income. The deeds were taken to the several parcels in which the investment was made and the title conveyed by them was, under the direction of the court, made to Anna E. Baker "for and during her natural life, and at her death to pass to her daughter, Nannie W. Neeley, during her natural life, . . . . and after the death of said Anna E. Baker and Nannie W. Neeley to pass in fee simple in equal parts to the grandchildren of said Anna E. Baker." Mrs. Baker died testate in 1919 and left surviving her four children, three sons and one daughter, Mrs. Neeley. In her will she devised all of her property to her children and to others than her grandchildren or the descendants of any who were dead. Mrs. Neeley died testate in 1921, and in her will she devised all of her property, excluding some small special bequests, to her only grandson, John B. Murillo, Jr., with the condition that if he should die without descendants then it should go to others named in the will. He was the only child of a deceased daughter of Mrs. Neeley and she left no surviving child or other grandchild. The mother of John B. Murillo, Jr., was alive in 1906, and was a party to the reinvestment suit but he, although living at that time, was not a party thereto; nor did the judgment in that case *expressly* attempt to construe the 1884 deed, or to determine the validity of the clause therein, or those in the reinvestment deeds, conveying

the land to the grandchildren of Mrs. Baker after her death and that of Mrs. Neeley.

This equity action was filed in the Fayette circuit court by some of the grandchildren of Mrs. Baker against the others, and the surviving children of those who were dead, to obtain a division of the respective parcels of land in which the reinvestment was made, and a sale for that purpose was asked, resulting in a judgment directing the several parcels to be sold by the master commissioner, which he did. After filing his reports some of the purchasers filed exceptions thereto on the ground that the limitation to the grandchildren in the 1884 deed, as well as those of the reinvestment deeds, was void because repugnant to the provisions of section 2360 of our statutes, commonly known as Kentucky's statute against perpetuities. Upon the trial of those exceptions, the entire record of the 1906 suit was filed and considered and the court sustained the exceptions and set aside the sale made to the exceptors and appellants prosecute this appeal from that judgment.

It will at once be seen that the question as to the validity of the attached limitation on the title of Mrs. Neeley, under the 1884 deed, by which her first conveyed title of a fee simple was reduced to only a life estate, is not presented for determination on this appeal; for if that limitation therein to the grandchildren was invalid because it reduced Mrs. Neeley's prior granted fee (a question we do not decide), Mrs. Neeley, upon the execution and delivery of that deed, took an absolute fee to the property conveyed, divested of both the life interest of Mrs. Baker, as well as the attempted limitation to her grandchildren after the death of Mrs. Neeley, and as a necessary consequence the parcels of land involved in this litigation which were purchased with the proceeds of that lot became also her absolute property and passed under her will, unless the 1906 judgment estopped her from so contending. In that case none of the parties to this litigation would have any interest in it except her grandson, John B. Murillo, Jr., who, as we have seen, was given by Mrs. Neeley's will a defeasible fee. Therefore, if that interpretation should be given that deed the court was correct in sustaining the exceptions to the sale.

But, waiving that question, and coming to the one which, no doubt, influenced the court in sustaining the exceptions, we will treat that deed as conveying only a

life estate to Mrs. Neeley and after her death and that of her mother then the fee to the latter's grandchildren, which perhaps is the true construction. From that viewpoint there can be no doubt but that the limitation in all the deeds to the grandchildren of Mrs. Baker violates the provisions of the section of the statute, *supra*, and is inhibited thereby. As we have seen, Mrs. Baker left surviving her, and who are yet living, three sons. They were living at the time of the execution of all the deeds referred to, and it was possible that they might have children who would be born more than twenty-one years and ten months after the expiration of the lives of both Mrs. Baker and Mrs. Neeley, and if that should happen the limitations in all of the deeds would be for a longer period than during the continuance of their lives and twenty-one years and ten months thereafter, which would be in contravention of the express terms of the statute. Sustaining the construction above expressed is the text in the work of Dr. Gray on "The Rule Against Perpetuities," sections 205a, 370, 372 and 374; 30 Cyc. 1486, and the cases from this court of Tyler v. Fidelity and Columbia Trust Co., 158 Ky. 286; U. S. Fidelity and Guaranty Co. v. Douglas' Trustee, 134 Ky. 835; Beal v. Wilson, 146 Ky. 646; Brown v. Columbia Finance Co., 123 Ky. 781, and numerous others, some of which are referred to in those opinions, and from which we will not insert excerpts. Indeed it is conceded by counsel for appellants that such effect of the limitations to the grandchildren is the proper one, unless from the language employed it was the intention of the grantors to confine the estate to the grandchildren who were *in esse* at the time of the termination of the life estates created by the deeds, which, it is insisted, is the true construction of them. But, in the Douglas, Beal and Tyler cases, and in some of the others referred to, almost the exact language was before the court for interpretation, and it was held that the grandchildren composing the class to which the remainder interest was limited included unborn grandchildren, and that under such language the title would open up so as to let them in when they should be born. It, however, was recognized in those cases that it was competent to limit the future interest to only those members of the class who were in existence at the vesting period, and where that is done the vesting of the interest could not possibly be postponed beyond the inhibited per-

iod of the statute against perpetuities, and, of course, would be valid; but, where it was not done, either expressly or by necessary implication, the limitation to the entire class would be void. There is nothing in any of the deeds here involved, even remotely indicating the intention of the grantors to limit the general class included in the term "grandchildren," to only those living at the expiration of the life estates and under the cases referred to it must be held that the class would include all future born grandchildren, regardless of what may have been the actual though unexpressed intention of the grantors. Other cases in which it was held that the term "grandchildren" would include future born ones, in the absence of clear words of qualification or limitation, are Caywood v. Jones, 32 Ky. L. R. 1302; Barker v. Barker, 143 Ky. 66; Lynn v. Hall, 101 Ky. 738, and a number of others referred to in those opinions.

We are, therefore, clearly of the opinion that the court properly held that the parties to this litigation did not acquire any title to the property involved under any of the deeds referred to. It is intimated in briefs of counsel, however, that the judgment in the 1906 proceedings adjudged otherwise, and that the *res adjudicata* estoppel produced thereby operated to vest the parties with a perfect title, which, if true, as contended, it would render the title of the purchasers from the master commissioner perfect, and the exceptions should have been overruled. But, without intimating any opinion on that question, it is sufficient to say that the question was not presented in this case in a manner authorizing us to determine it, nor could it have been done without the devisees of Mrs. Baker and those of Mrs. Neeley being parties to the suit, which they were not. It is true that both Mrs. Baker and Mrs. Neeley were parties to that proceeding and their devisees would be bound by the legal effect of that judgment and the same as they would be, but the devisees have the right to be heard on that question and nothing that we might say in this opinion would be binding on them.

We are also asked to determine where the title to the property is if it was not possessed by plaintiffs and defendants in this case? A number of objections may be interposed to our determining the question at this time, one of which is that "Sufficient unto the day is evil thereof." The question is not presented nor are those

who would be affected by its determination parties to this litigation, and any views which we might express thereon would be *dictum* and not binding on them. The only question presented by this appeal is, whether as between the parties to this litigation the deeds referred to vested them with title to the property. We have held that they did not, and the court properly sustained the exceptions, and the judgment is affirmed.