## Tuttle v. Steele et al.

Nov. 17, 1939.

V. W. Bush for appellant.

John H. Gardner and R. R. Craft for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

Caswell P. Bedford died testate a resident of Clark County in August, 1937. The sixth clause of his will, insofar as material to this controversy, was as follows:

> "I give to my wife my one-half undivided interest in the farm owned by John W. Tuttle & myself on the Gay and Evans Pike for her life time she is to keep in high state of cultivation and cannot sell it at her death it is to go to my great-nieces and nephews including any that may yet be born."

After the testator's death, division proceedings were had and approximately 69 acres of the farm mentioned were allotted to the six great-nieces and great-nephews of the testator then living. Guardians qualified for these children and the present action was brought by the statutory guardians against the children under Section 2150a, Kentucky Statutes, to obtain authority to sell the land to Mrs. Amanda D. Tuttle, the appellant, with whom the guardians had made a contract to sell the land for $10,000. Approval of the sale was given by the chancellor and judgment entered. A deed

executed by the guardians conveying the land to appellant was tendered and approved. The appellant refused to accept the deed whereupon the guardians filed in the action the written contract between them and appellant and moved the court for a rule against her to show cause why she should not accept the deed and pay the purchase money. Appellant did not question the character of the proceeding but responded, admitting the contract and her willingness to pay the money and accept the deed in the event it was adjudged that the six great-nieces and great-nephews of the testator had good fee simple title to the land. She questioned the title to the land on the ground that any great-nieces or great-nephews of the testator who might hereafter be born had an interest in the land. The trial court held appellant's response insufficient and made the rule absolute adjudging that the deed tendered to her conveyed a good fee simple title, and ordered and directed her to accept the deed and pay the consideration. From that judgment appellant prosecuted this appeal, raising no question as to the procedure but still insisting that she would not obtain a good title by the deed.

Owing to the peculiar way in which the case was practiced the record does not disclose whether or not the testator had any brothers or sisters living at the time of his death, but in the second clause of his will filed with the petition appears a bequest to a brother, John Bedford. We would therefore have no right to assume that this brother was dead at the time of the testator's death. Nor would we have the right to assume that he did not have other brothers and sisters living at the time of his death, although no others are mentioned in the will.

It does appear in the record that the only nephews and nieces of the testator living at his death were Marion C. Bedford, a nephew who had one child, Marion C. Bedford, Jr., and also a niece, Martha B. Steele, who had five children living at the testator's death, namely, Richard D., Emily C., Martha S., Elizabeth B. and John B. Steele. It was alleged that these were the only great-nieces and great-nephews that the testator had at the time of his death or that he ever had.

No reason was given by the trial court for holding that after born great-nieces or great-nephews of the testator would not have an interest in the property

under the will, but it is argued in the brief for appellees that the devise to the testator's great-nieces and great-nephews, insofar as it included any who might yet be born, violated the rule against perpetuities and we therefore presume that the trial court concurred in this contention of appellees. Evidently, if the trial court did not adopt this contention, he must have been under the impression that the devise to the great-nieces and great-nephews as a class embraced only those in the class at the time of the testator's death or of his widow's death. We will discuss the case from these two viewpoints.

At common law the rule seems to have been that a bequest to a class embraced only those in the class at the time of the testator's death but where there was a postponement of the taking effect of the devise until a date subsequent to the death of the testator, every person answering the description at the time fixed for the division was entitled to participate as one of the class.

In this state, however, the common law rule has not been followed and it has been uniformly held that persons born into the class after the testator's death, even where there is no postponement of distribution or enjoinment will come into and form members of the class where there is nothing to show an intention to exclude after born members. Barker v. Barker, Jr., et al., 143 Ky. 66, 135 S. W. 396; Lynn v. Hall, 101 Ky. 738, 43 S. W. 402, 72 Am. St. Rep. 439; United States Fidelity & Guaranty Company v. Douglas' Trustee, 134 Ky. 374, 120 S. W. 328, 20 Ann. Cas. 993. The devise in question is clearly a fee simple in remainder to testator's great-nieces and great-nephews after the death of the testator's wife, subject to open up and let in great-nieces and great-nephews born after testator's death. This would be the rule in Kentucky in the absence of express language in the will showing an intention on the part of the testator to exclude those afterwards to be born into the class. All the more so is this true as to the devise in controversy, since the will itself provides that at the death of the testator's wife the land is to go to his great-nieces and great-nephews *including any that may yet be born.*

It is therefore apparent that the common law rule, which is inoperative in our state, does not operate to exclude great-nieces and great-nephews born after the death of testator's wife.

Section 2360, Kentucky Statutes, provides that:

"The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter."

It is argued for appellees that the devise in controversy violates the provisions of this statute, which is known as the rule against perpetuities, and that the statute prohibits any of the great-nieces and great-nephews who might be born after the life tenant's death from taking any interest in the estate. Using this as a premise it is said that the testator must have had this in mind at the time he made his will and that he meant by the language used to designate only his great-nieces and great-nephews that were born before his death or the death of his wife. There might be some force in this argument if the testator had not used positive language including in the devise great-nieces and great-nephews "that may yet be born" without limiting to a designated time, either his own or his wife's death, when such after born great-nieces or great-nephews might be born.

Of course, if the testator had brothers or sisters living at the time of his death, an attempted devise to his great-nieces or great-nephews who were children of such brothers' or sister's children would be void as being in violation of Section 2360, because a child might be born to a brother or sister of the testator after his death and such child, who might become the parent of a great-niece or great-nephew of the testator, would not be a life in being at the time the devise took effect. The devise to great-nieces and great-nephews of this class would merely be void without affecting the devise to other great-nieces and great-nephews not within the prohibited class, since the devise to one class is severable from the devise to the other class. The whole devise is not void because the statute has been violated. "That which is good, if severable from the bad, will be allowed to stand." Johnson's Trustee v. Johnson, 79 S. W. 293, 295, 25 Ky. Law Rep. 2119; Chenoweth v. Bullitt, 224 Ky. 698, 6 S. W. (2d) 1061.

Coming now to the six great-nieces and great-nephews of the testator who are children of the niece and nephew living at the time of the testator's death, it is clearly apparent that the devise to them and to their

class does not violate the rule against perpetuities even where it includes brothers and sisters of these great-nephews and great-nieces, who may yet be born. As this nephew and niece were living at the testator's death, any child of such nephew or niece, no matter when born, will necessarily be born within 10 months after a life or lives in being at the testator's death. A devise of this character is similar to a devise to testator's grandchildren. It is uniformly held that a devise to a testator's grandchildren as a class is good and if the vesting is not postponed to a time after they become of age, for they must all become of age within 21 years after the death of their parents (the testator's children) and the parents must all have been born (or begotten) in the testator's lifetime. Otterback v. Bohrer, 87 Va. 548, 12 S. E. 1013; Gray on Perpetuities, Section 370. This is also true of a devise to grandchildren of a person who has died before the testator and for the same reason is true as to great-nieces and great-nephews who are descendants of brother or sisters of the testator, dead at the time of testator's death.

In Laughlin v. Elliott, 202 Ky. 433, 259 S. W. 1031, a grantor, who had three living children, conveyed land to the grantee for life, retaining a life estate in herself, and provided that at the death of the grantee the property should pass to the grandchildren of the grantor. It was held that this violated the rule against perpetuities, the court saying that it was possible that the living children of the grantor might have children that would be born more than twenty-one years and ten months after the expiration of the lives of *both the grantor and grantee* and if that should happen the limitation in the deed would be for a longer period than during the continuance of the lives of the grantor and grantee and twenty-one years and ten months thereafter. It is apparent that the court fell into error in that case in construing the words "life or lives in being at the creation of the estate," contained in Section 2360, to be the lives of the grantor and grantee in the deed when, in fact, the prohibition of the statute is only against a limitation for a longer period than during the continuance of *any* life or lives in being and twenty-one years and ten months thereafter.

As the devise to the testator's great-nieces and great-nephews who were children of his nieces and nephews living at the time of his death, did not violate

the rule against perpetuities even though it included great-nieces and great-nephews to be born after the testator's death, and as it appears that it was probably the intention of testator to limit the devise to children of his nieces and nephews living at the time of his death, the major premise upon which the appellant's argument is based fails. We are of the opinion that the title to the land vested in the children of such of the testator's nieces and nephews as were living at the time of his death, including children who may yet be born and that therefore the guardians of the six children in this action could not convey good title to the appellant.

Judgment is reversed with directions to discharge the rule against appellees.