## McGaughey et al. v. Spencer County Board of Education et al.

March 18, 1941.

Sam L. Cheatham and Amos Williams for appellants.

G. Louis Hume for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In September, 1913, Charles W. McGaughey and Annie W. McGaughey conveyed to the Spencer County Board of Education a parcel of land containing about one acre located in Spencer County, Kentucky, and known and referred to in this record as "Gray School Lot."

The deed recites a valuable consideration and contains all the language and formalities necessary to convey a fee-simple title, subject, however, to this provision:

"Provided however Should Said property be discontinued for School purposes then the Same Shall Revert back to the owner of the farm from which Taken without any cost whatever and there is also

> Reserved for. the use of Said McGaughey all the Growing Locusts & walnut Lumber on Said land and to have the right to cut and take off Same at any time he wishes and Second party agrees to complete the fence around the lot and to Keep up all the fence hereafter and to allow the owner of the farm from which Said land is Taken to Join his or their fencing to the fence around Said lot of Land.''

The property conveyed was.used for school purposes from the date of the deed until April 21, 1939, when the board of education ceased to· maintain a school thereon and abandoned it as a school site. The grantor, Charles W. McGaughey, died intestate a few years ago, leaving surviving him his widow, Annie W. McGaughey, and a number of children. Immediately after the board of education ceased to use the property for school purposes, Annie W. McGaughey and two of her sons moved into the school house and are using it as a dwelling, claiming that since the property had been abandoned for school purposes and under the provisions of the deed, it reverted to them and that they are now the owners of same. The school board, claiming that the deed vested in it a fee-simple title to the property, brought this action in the Spencer circuit court to quiet its title. Upon the issues thus joined, the chancellor held and adjudged the school board to be the owners in fee simple of the parcel of land in controversy, and from that judgment the defendants below have prosecuted this appeal.

The decisive question is whether or not the deed, insofar as it relates to the reversion, or possibility of a reversion, is violative of Section 2360 of the Kentucky Statutes, which reads:

> ''The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter.''

It is the contention of the school board, appellee, that since the contingent reversion was to the "farm" but not to the grantors, their heirs or assigns, the vesting of the contingent reversion was indefinitely suspended, since it was not known who would or might own the farm when the contingency happened, and hence comes within the inhibition of the statute, supra. See

Brown et al. v. Columbia Finance & Trust Co., 123 Ky. 775, 97 S. W. 421, 30 Ky. Law Rep. 110.

In Duncan v. Webster County Board of Education, 205 Ky. 86, 265 S. W. 489, Duncan conveyed one acre of land to the trustees of the school district, "for the use of a school house as long as it is kept up for a school house, and when it is no longer kept up then the acre of land belongs with the said tract of land." In holding that deed violative of the statute, supra, the court said:

"But whether the school board's alleged estate be a defeasible or base fee, and the reversionary right a contingent estate and salable, or merely a bare possibility of reverter and inalienable, is immaterial, and need not be decided, since in either event the attempt to vest the reversionary right in [whoever] happened to own the original tract is plainly violative of both the letter and the spirit of Section 2360, Kentucky Statutes."

And, quoting with approval from the cases of Tyler v. Fidelity & Columbia Trust Company, 158 Ky. 280, 164 S. W. 939; Fidelity & Columbia Trust Company v. Tiffany, 202 Ky. 618, 260 S. W. 357, the court further said:

"The test of whether such a provision is contrary to the statute is not whether it may or may not happen within the period fixed by the statute, but whether it is possible that it might not so happen; a possible perpetuity being such a perpetuity as the statute contemplates."

The case, supra, was referred to with approval in the case of Fayette County Board of Education et al. v. Bryan et al., 263 Ky. 61, 91 S. W. (2d) 990. That case distinguishes a reversion to the "land" and a reversion to the "estate," holding that while the word "estate" is often applied in relation to land or property, but its primary meaning is the interest or title of the parties in the property, and a reversion to the estate is a reservation of some interest or rights in the grantor, and since any interest in an estate may be conveyed or may descend to one's heirs, therefore, a reservation to the estate does not offend the statute.

Appellants rely on the case of Fayette County v. Morton et al., 282 Ky. 481, 138 S. W. (2d) 953, 954. In that case the reversion was made to the "first parties, or to their respective heirs, and assigns, the owners of

the adjoining property, as if this deed had never been made.'' Appellants stress the words ''the owners of the adjoining property,'' insisting that that language is similar to and means the same as the language in the deed involved in the present case which made the reversion to the ''farm.'' But since the language last quoted above was preceded by the language ''first parties, or to their respective heirs, and assigns,'' it was held that the words ''the owners of the adjoining property'' were merely descriptive of the reversioners named in the preceding language, and the reversion was intended to be for their benefit, and not merely the adjoining property, or who *might* own it if the contingency happened.

Many other similar and like authorities might be cited, but since the cases, supra, and the cases cited therein are conclusive of the case at bar, we deem it unnecessary to further extend this opinion.

Judgment affirmed.