**Kelly BACH, an Infant under 14 Years of Age, by Rodney J. Thompson, Guardian ad litem, Appellant,**

**v.**

**Kathleen PACE, Appellee.**

Court of Appeals of Kentucky.

Sept. 27, 1957.

Rodney J. Thompson, Winchester, for appellant.

Alton S. Payne, Winchester, for appellee.

CLAY, Commissioner.

The question presented in this case is whether or not the rule against perpetuities, KRS 381.220, is violated by certain provisions in a deed. The Chancellor answered the question in the affirmative.

In 1943 J. H. Matherly conveyed a 20 acre tract of land to his wife, the granting clause of the deed providing:

"for and during the period of her natural life, and so long as she remains

the widow, *with remainder in fee to the Grandchildren of the party of the first part,* their heirs and assigns in fee simple forever." (Our emphasis.)

KRS 381.220 provides in part:

"The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter; * * *."

The parties seem in agreement that the statute relates to the suspension of the ultimate vesting of an estate, not the enjoyment thereof; that the test is governed by the possibilities of late vesting, not the actual developments; and that the conveyance to "grandchildren" is to a class and includes descendants who may be born after the date of the deed, the death of the grantor and the death of the life tenant.

If the instrument involved was a will there would have been no violation of the statute, since a devise to testator's grandchildren does not suspend the vesting of the estate beyond the period prescribed by the statute. Gray, The Rule Against Perpetuities, 4th Ed., Section 370; Tuttle v. Steele, 281 Ky. 218, 135 S.W.2d 436; 70 C.J.S. Perpetuities § 17, a(3); 41 Am. Jur., Perpetuities and Restraints on Alienation, Section 53. The reason for this rule is that when property is devised by will to the testator's grandchildren, all of his own living children constitute "lives in being" who will be in existence at the time of the "creation of the estate", (the date of his death) and his grandchildren must certainly be born within the span of those lives in being (or within 10 months thereafter).

The difficulty presented here flows from the fact that the remainder estate was created by deed prior to the death of the grantor. This leaves a possibility that the grantor would have a child born to him after the creation of the estate which could suspend the vesting of the remainder interest in the issue of this child beyond the period prescribed by the statute.

Some confusion has developed in the law concerning the "lives in being" to which the statute refers. In Laughlin v. Elliott, 202 Ky. 433, 259 S.W. 1031, the grantor *by deed* created in herself a life estate, granted a life estate to her daughter, with remainder to grantor's grandchildren. The facts are very similar to those we have here, with an additional life estate which does not affect the problem. We held the grant of the remainder violated the statute. The basis of the decision was that the lives of the grantor and the grantee (the two life tenants) were the limiting factors, and the possibility that the issue of grantor's other children, might be born more than 21 years and 10 months after the expiration of the lives of the life tenants created the possibility of a remoteness of vesting inhibited by the statute.

In Tuttle v. Steele, 281 Ky. 218, 135 S.W.2d 436, we repudiated the theory upon which the Laughlin case was decided. We therein pointed out that the "lives in being" referred to in the statute are not necessarily the lives of the grantor or the life tenant, but may be *any* lives which play a part in the ultimate disposition of the property. In this case *by will* the testator had devised a remainder interest to his grandnieces and nephews. It was held that the devise was void as violative of the statute with respect to those grandnieces and nephews who were children of any nieces or nephews born after the testator's death.

It will be observed that the principle applied in the Tuttle case confirmed the correctness of the decision in the Laughlin case on a different ground. The governing principle deducible from these two cases may thus be stated: If there is a possibility that the *parent* of a child in whom an interest will ultimately vest (grandchildren or grandnieces and nephews) *may be born after the creation of the*

*estate,* then the remainder interest is void as violating the rule against perpetuities.

Returning to the deed in controversy, the following possibility presents itself: After the date of the deed a son is born to the grantor. The following day both the grantor and the life tenant die, and 30 years later the grantor's only grandchild is born to this son. It is clear that the remainder interest could not have vested within the span of a life in being at the creation of the estate and 21 years and 10 months thereafter.

The possibilities, not the actualities, are controlling. McGaughey v. Spencer County Board of Education, 285 Ky. 769, 149 S.W.2d 519, 133 A.L.R. 1474; Ford v. Yost, 299 Ky. 682, 186 S.W.2d 896, 162 A.L.R. 149. We are of the opinion that the Chancellor correctly decided that the remainder interest of the grandchildren sought to be created by the deed was void as violative of KRS 381.220.

The judgment is affirmed.