**Palmer BENTLEY et al., Appellants,**

**v.**

**PITTSBURGH CONSOLIDATION COAL COMPANY, Appellee.**

Court of Appeals of Kentucky.

March 21, 1958.

F. Dale Burke, Pikeville, Henry D. Stratton, for appellants.

Francis L. Rice, Pikeville, Ky., E. C. O'Rear, Allen Prewitt, Frankfort, W. G. Stathers, Clarksburg, W. Va., for appellee.

CAMMACK, Judge.

This is a companion case to Johnson v. Pittsburgh Consolidation Coal Company, Ky., 311 S.W.2d 537. The same type of writing that figured in the Johnson case is presented for construction in this case. The appeal is from a judgment quieting title to the coal in the disputed land in the appellee, Pittsburgh Consolidation Coal Company.

In addition to the grounds urged for reversal in the Johnson case, the appellants herein contend that the Broas writing is so indefinite in regard to form and manner of performance as to be void.

It is not necessary to discuss here the questions treated in the Johnson case. In this case the appellants argue that the writing is void because of indefiniteness in provisions for payment of the $2 per acre rental. They point out that it is not stated whether rental is to be paid in a lump sum or in installments as each acre is mined. They say also that the writing fails to provide whether payment is to be made to the heirs or to the assigns of the grantor.

We do not believe the writing to be defective in this respect. The payments become due when and as each acre is mined. It is within the discretion of the parties concerned to make independent agreements

concerning lump sum payments before or after the mining is done. Furthermore, the person to whom payment was to be made originally was the grantor. The writing did not attempt to alienate his right to dispose of the interest he retained. Payment is to be made to the persons designated by the grantor, in his inter vivos or testamentary dispositions, whether they be his heirs or assigns. We find nothing indefinite in the rental provision.

Judgment affirmed.